# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ARTHUR ASHFORD**
        **Petitioner,**

    v.                                     **Case No. 10-C-556**
                                                    **(Criminal Case No. 08-CR-172)**

**UNITED STATES OF AMERICA,**
        **Respondent.**

## RULE 4 ORDER

Petitioner Arthur Ashford pleaded guilty to use of a telephone to facilitate a felony drug offense, contrary to 21 U.S.C. § 843(b), and on May 26, 2010, I sentenced him to 36 months in prison, a sentence below his advisory guideline range of 46-48 months.[1] Petitioner took no appeal, but on July 6, 2010, he filed a motion to vacate his sentence under 28 U.S.C. § 2255.

Section 2255 provides a basis for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, I must conduct a preliminary review of the motion:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion or other response . . . .

---

[1] Petitioner's range was 46-57 months on the grid, but the high end was capped at 48 months based on the statutory maximum applicable to the offense of conviction.

In his motion, petitioner asks me to re-sentence him to a lower term of imprisonment in light of the fact that a state court case used as a factor in determining his advisory guideline range was recently dismissed. He indicates that I now have the discretion to impose a much lower sentence and/or a probationary period. (Motion at 4 ¶12(a).)

A federal prisoner may in some circumstances bring a § 2255 motion to set aside a sentence that was based on a subsequently vacated state court conviction. See, e.g., Johnson v. United States, 544 U.S. 295 (2005); Wilson v. United States, 413 F.3d 685 (7th Cir. 2005). The problem with petitioner's argument is that the dismissed state case to which he refers was not used to determine his criminal history; that case was pending at the time I sentenced petitioner, and it did not factor into his guideline range or otherwise dictate the sentence I imposed in this case. I possessed the discretion to sentence petitioner to probation or a lower sentence originally, the pending state case notwithstanding; I chose not to.[2] While § 2255 may permit a prisoner to challenge a federal sentence, the legality of which has been undermined by the later dismissal or vacatur of a predicate conviction, petitioner cites no authority supporting a court's ability to modify a sentence under his circumstances, and I have found none. See generally Romandine v. United States, 206 F.3d 731, 735 (7th Cir. 2000).

**THEREFORE, IT IS ORDERED** that petitioner's motion is **DENIED**, and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2255 petitioner. In order to obtain a COA, the petitioner must make a "substantial showing of the denial of a

---

[2] As indicated above, I did impose a sentence below the advisory guideline range.

constitutional right." 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether reasonable jurists could debate whether the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Slack v. McDaniel, 529 U.S. 473, 484 (2000). For the reasons stated above, petitioner has not made such a showing, so I decline to issue a COA.

Dated at Milwaukee, Wisconsin, this 19th day of July, 2010.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge