**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**ARTHUR ASHFORD**
        **Petitioner,**

    **v.**                                          **Case No. 10-C-556**
                                                       **(Criminal Case No. 08-CR-172)**

**UNITED STATES OF AMERICA,**
        **Respondent.**

---

## ORDER

On June 24, 2009, petitioner Arthur Ashford pleaded guilty to use of a telephone to facilitate a felony drug offense. 21 U.S.C. § 843(b). I set the case for sentencing on September 25, 2009 (later adjourned to January 5, 2010) and continued defendant's bond. On January 5, 2010, petitioner requested a sentence of probation, well below his advisory guideline range of 46-57 months (capped at 48 months due to the statutory maximum). The government opposed probation at that time but suggested a continuance of the sentencing to see if defendant could maintain his progress. I reset the case for May 26, 2010. On April 1, 2010, petitioner was arrested and later charged with possession of cocaine by state authorities, and his bond was revoked in this case.

On May 26, 2010, I sentenced petitioner to 36 months in prison. He took no appeal. According to Wisconsin's Consolidated Court Automation Programs ("CCAP"), on June 23, 2010, the state, after noting that petitioner was serving a federal sentence, moved to dismiss the cocaine possession charge without prejudice. The state court granted the motion.

On July 6, 2010, petitioner filed a motion to vacate his federal sentence under 28 U.S.C. § 2255. In the motion, petitioner argued one ground for relief, set forth in full as follows:

> WHETHER THE COURT MUST VACATE THE SENTENCE IN LIGHT OF DISMISSED STATE CASE USED AS CRIMINAL HISTORY AND FOR DETERMINATION OF § 3553(a) AND ADVISORY GUIDELINE RANGE.
>
> The petitioner contends that the court has the discretion to resentence him to a lower term of imprisonment in light of the fact that his state court case used as a factor in determining his 'advisory' guideline range was recently dismissed, and the court now has the discretion to impose a much lower sentence and/or a probationary period.

(Motion [R. 1] at 4.)

I screened the motion pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings and denied it without a hearing. I noted that while a federal prisoner may in some circumstances bring a § 2255 motion to set aside a sentence based on a subsequently vacated state court conviction, see, e.g., Johnson v. United States, 544 U.S. 295 (2005); Wilson v. United States, 413 F.3d 685 (7th Cir. 2005), the dismissed state case to which petitioner referred was not used to determine his criminal history; that case was pending at the time I sentenced him, and it did not factor into his guideline range or otherwise prescribe the sentence I imposed in this case. I further noted that I possessed the discretion to sentence petitioner to probation or a lower sentence originally, the pending state case notwithstanding, but chose not to do so. Petitioner cited no authority supporting the district court's ability to vacate or modify a sentence under these circumstances, and I found none. See generally Romandine v. United States, 206 F.3d 731, 735 (7th Cir. 2000). I therefore denied the motion and declined to issue a certificate of appealability.

Petitioner filed a motion for reconsideration under Fed. R. Civ. P. 59(e). A motion to alter or amend a judgment under Rule 59(e) will be granted only in the event of a manifest error of law or fact, an intervening change in the controlling law, or newly discovered evidence. Abcarian v. McDonald, 617 F.3d 931, 943 (7th Cir. 2010), cert. denied, 131 S. Ct. 1685 (2011);

Cosgrove v. Bartolotta, 150 F.3d 729, 732 (7th Cir. 1998). A Rule 59(e) motion does not allow a party to introduce new evidence or advance arguments that could have been presented to the district court prior to the judgment. United States v. Resnick, 594 F.3d 562, 568 (7th Cir. 2010).

In his Rule 59 motion, petitioner presents two arguments. First, he argues that the court should allow an evidentiary hearing and production of the sentencing transcript to determine if the pending state case affected my sentencing decision. However, he fails to address the fundamental problem with his motion – that § 2255 provides no basis for relief due to post-sentencing events such as the dismissal of his state charges. See, e.g., United States v. Bokun, 73 F.3d 8, 12-13 (2d Cir. 1995) (noting the strict limits under § 2255 and reversing grant of relief based on post-sentencing changed circumstances that created disparity with a co-defendant's sentence); United States v. Springs, 988 F.2d 746, 748 (7th Cir. 1993) (holding that § 2255 cannot be used as a "back door" to the discretion that district courts used to possess under Rule 35(b), which had allowed judges to reduce sentences within 120 days). Petitioner points no manifest error of law or fact, intervening change in the law, or newly discovered evidence suggesting fault with my previous decision.

Second, petitioner argues that the court must vacate the order that he participate in the Inmate Financial Responsibility Program ("IFRP"), which is a voluntary program. The claim fails for three reasons: (1) petitioner did not raise it in his initial motion, and Rule 59(e) may not be used to advance new arguments; (2) IFRP claims like this one must be brought on direct appeal rather than under § 2255, see Simmons v. United States, No. 10-C-1137, 2011 WL 1527062, at *5 (E.D. Wis. Apr. 20, 2011); and (3) in any event, I did not order that he participate in the IFRP, so there is no improper order to vacate.

**THEREFORE, IT IS ORDERED** that petitioner's Rule 59(e) motion (R. 4) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 9th day of August, 2011.

        /s Lynn Adelman

        _____
        LYNN ADELMAN
        District Judge